Case 4:17-cv-00748   Document 9   Filed on 04/06/17 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS H CLAY, | § | |
| TDCJ #1124123, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-17-748 |
| | § | |
| ELDON L MONK, *et al*, | § | |
| | § | |
| Defendants. | | |

## ORDER OF DISMISSAL

Plaintiff Thomas H. Clay ("Plaintiff"), a state inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed this case, again asserting that certain employees of the Texas Department of Criminal Justice and the University of Texas Medical Branch have intentionally denied him medical care in connection with an ulcer on his foot.  See Docket Entry No. 1. Plaintiff is a "three strikes" inmate who has filed dozens of frivolous cases in this district and has been barred from proceeding *in forma pauperis* under section 1915(g) and by a preclusion order. *See Clay v. Zeon*, Civ. A. No. H-14-0057 (S.D. Tex. Aug. 20, 2014), at Docket Entry No. 34 at 13; *see also Clay v. Correctional Managed Health Care/UTMB*, No. G-05-569 (S.D. Tex. 2005) (citing Plaintiff's frivolous cases and dismissing case as barred by section 1915(g)).

Plaintiff acknowledges that he is subject to a preclusion order and that he is barred from filing suit pursuant to 28 U.S.C. § 1915(g), but nonetheless argues that he is under imminent danger of serious physical injury or death due to "medical mistreatment."  See Docket Entry No. 1 at 1.  Plaintiff has made substantially similar claims to the claims he raised in *Clay v. Zeon*, Civ. A. No. H-14-0057 (S.D. Tex. 2014), wherein he recently sought reconsideration of the Court's denial of his motion to proceed *in forma pauperis* based on "newly discovered evidence"

concerning the uninfected ulcer on his foot. *See id.* at Docket Entry No. 57 at 3.

For the reasons set forth in *Zeon*, Plaintiff has not established that he is in imminent danger of serious physical injury such that he may overcome the preclusion order or the section 1915(g) bar. *See id.* at Docket Entry Nos. 34, 52, 58, 61, & 64; *Banos v. O'Guinn*, 144 F.3d 883, 885 (5th Cir. 1998) (holding that inmate's allegations that he was subjected to sexual harassment and excessive force did not establish that he was in imminent danger of serious bodily injury); *see also Sims v. Kent*, 263 F.3d 164, 2001 WL 803864 (5th Cir. June 15, 2001) (holding that an inmate's allegations that he was denied a hernia operation, given inappropriate medication for a skin condition, and housed on a unit where pepper spray is sometimes used, which exacerbates his hernia, do not establish imminent danger in order to overcome the section 1915(g) bar); *Edmond v. Texas Dep't of Corrections*, No. 97-10819, 97-11170, 97-11202, 1998 WL 723877 (5th Cir. Oct. 7, 1998) (unpublished) (allegations about the quality of medical care causing him to suffer seizures and a nervous attack found insufficient to overcome the § 1915(g) bar); *Humphrey v. Lopez*, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D. Tex. May 6, 2004) (allegations of delay in medical care due to racial discrimination fails to establish imminent danger of serious physical injury); *Ford v. Foti*, No. 01-1970, 2001 WL 845461, at *2 (E.D. La. July 25, 2001) (allegations of missed appointment for circumcision and prison doctors' failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to satisfy the exception in § 1915(g)); *Gallagher v. McGinnis*, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000) (allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish imminent danger of serious physical injury under section 1915(g)). Accordingly, Plaintiff's allegations of medical mistreatment, which have been

previously examined and rejected by the court, do not overcome the section 1915(g) bar.

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to section 1915(g) and pursuant to the Court's preclusion order of August 20, 2014.

2. Plaintiff's Motion for Writ of Habeas Corpus ad Testificandum (Docket Entry No. 5), Motion in Demand for Jury Trial (Docket Entry No. 7), and Motion to Proceed in Forma Pauperis (Docket Entry No. 7) are **DENIED**.

3. Any and all other pending motions are **DENIED AS MOOT**.

4. Plaintiff may move to reinstate this lawsuit upon payment of both the $400.00 filing fee for this case and the $400.00 fee ordered in *Zeon* within twenty-eight days from date of this order. Proof of payments must be submitted to this Court with the motion to reinstate.

The Clerk shall send a copy of this Order to the parties.

SIGNED at Houston, Texas, this 6th day of April, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE